UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>C. Wayne McDonald,<br><br>    Debtor. | Case No. 13-10663<br>Jointly Administered<br>in Case No. 13-10661 |
| IN RE:<br><br>Wendy C. McDonald,<br><br>    Debtor. | Case No. 13-10664<br>Jointly Administered<br>in Case No. 13-10661 |
| High Point Bank and Trust Company,<br><br>    Plaintiff,<br><br>vs.<br><br>C. Wayne McDonald<br>and Wendy C. McDonald,<br><br>    Defendants. | Adv. Proc. No. 14-02004 |

MEMORANDUM OPINION

In this adversary proceeding, the plaintiff objects to the defendants receiving a discharge pursuant to section 727(a)(2), (4) and (5) of the Bankruptcy Code and to the dischargeability of its indebtedness pursuant to section 523(a)(2)(B) of the Bankruptcy Code. The matter now before the court is the defendants' motion for summary judgment. For the reasons that follow, the court has concluded that the motion for summary judgment should be denied.

In the section 523(a)(2)(B) dischargeability claim, the plaintiff alleges that the defendants submitted materially false

financial statements to the plaintiff which were relied upon by the plaintiff in extending loans requested by the defendants.  The section 727 objections to discharge are based on allegations that the defendants have made transfers of real property with intent to hinder, delay or defraud creditors, have knowingly and fraudulently made a false oath in or in connection with their chapter 7 cases and have failed to explain satisfactorily a loss or deficiency of assets to meet their liabilities.

The motion for summary judgment asserts that summary judgment should be granted "by reason of the bar <u>res judicata</u> arising from a state court civil action instituted, maintained, and reduced to judgment by plaintiff herein against defendants herein."  The state court judgment referred to in the defendants' motion is a judgment obtained by the plaintiff in a civil action filed against the defendants in state court prior to the commencement of the defendants' chapter 7 cases.  In that civil action, the plaintiff alleged only a contract claim for monetary damages based upon the defendants having guaranteed various obligations owed to the plaintiff by corporations controlled by the defendants.  The plaintiff obtained a judgment against the defendants in the state court proceeding on February 20, 2013, for $935,475.74 plus attorneys' fees of $140,321.36, costs of $1,644.25 and interests from and after the date of the judgment at the legal rate of 8% per annum.

The defendants rely upon the general rule that "the doctrine of res judicata is broader than issues actually raised, but extends to all issues that could have been raised. . . ." According to the defendants, when the plaintiff filed the state court action, the plaintiff knew about the property transfers that it now alleges were made with fraudulent intent and could have included a fraud claim based on such transfers in the state court action. Because the plaintiff failed to include such a claim, the defendants maintain that the claims now alleged by the plaintiff in this proceeding are barred. This argument is contrary to long standing Supreme Court authority and must be rejected.

The same type of argument relied upon by the defendants in this proceeding was considered and rejected in Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L. Ed.2d 767 (1979). In doing so, the Supreme Court specifically addressed whether res judicata is controlling where the dischargeability of a debt previously reduced to judgment in a state court is challenged in the bankruptcy court on the grounds of fraud and concluded res judicata is not controlling in that circumstance. In Brown, the parties had entered into a stipulation to settle a lawsuit alleging money had been obtained through fraud. Id. at 128. As a result, the state court entered a consent decree in accordance with the stipulation providing for the defendant to pay a sum certain to the plaintiff. Id. Neither the stipulation nor the consent decree entered by the

state court indicated the cause of action upon which the liability was based and, therefore, there was no finding of fraud. Id. Thereafter, the defendant filed for bankruptcy relief and sought to have its debt discharged. Id. The defendant in Brown, like the defendants in this proceeding, argued that because the stipulation and consent judgment did not make any reference to fraud, the bankruptcy court was precluded by the doctrine of res judicata from considering extrinsic evidence to determine the nature of the debt in ascertaining whether it was dischargeable. See id. at 129. The Supreme Court disagreed and concluded that when considering the dischargeability of a debt on the grounds of fraud, res judicata is not controlling, and a bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceeding.[1] Id. at 138-39. Such a result is consistent with and adheres to the requirement in section 523(c)(1) that dischargeability under section 523(a)(2), (4) and (6) must be determined in the bankruptcy court. As the Court pointed out, "[t]he 1970 amendments eliminated postbankruptcy state-court collection suits as a means of resolving certain § 17 (now section 523) dischargeability questions." Id. at 135. The Supreme Court noted that "the mere fact that a conscientious creditor has previously reduced his claim to judgment

---

[1] The Court cautioned that it was addressing only res judicata, stating: "This case concerns res judicata only, and not the narrower principle of collateral estoppel." Id. at 139 n. 10.

should not bar further inquiry into the true nature of the debt."[2] Id. at 138.

The holding of Brown was later extended in Archer v. Warner, 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), to instances where parties settle a state court action based upon fraud and no resulting judgment is entered by the state court. In Archer, the Supreme Court could find no difference in looking behind a stipulation resulting in a consent judgment to determine whether there had been settlement of a valid claim for fraud, and looking behind a settlement to make such a determination. Citing Brown and the current "any debt" language of section 523(a), the Supreme Court concluded in Archer that "the fullest possible inquiry" was intended "to ensure that 'all debts arising out of' fraud are excepted from discharge,' no matter what their form." Archer, 538 U.S. at 321.

Defendants' reliance upon Migra v. Warner City Sch. Dist. Bd. Of Ed., 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), and Kremer v. Chemical Const. Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), and the application of 28 U.S.C. § 1738[3] in

---

[2] The same ruling that was made by the Supreme Court in Brown v. Felsen had earlier been made in the Fourth Circuit. See In re Pigge, 539 F.2d 369 (4th Cir. 1976), which is cited and discussed in the Brown decision.

[3] 28 U.S.C. § 1738 provides that judicial proceedings of the states shall have the same full faith and credit in federal courts as they have by law or usage in the courts of the states.

those decisions is misplaced. Neither of these decisions involved a dischargeability claim based upon fraud. Nor is there any criticism of Brown v. Felsen in Migra or Kremer, and certainly nothing in those decisions indicates that the Court intended to overrule Brown v. Felsen. As the Court subsequently pointed out in Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 386, 105 S.Ct. 1327, 1335, 84 L.Ed.2d 274 (1985), where, as with bankruptcy proceedings involving dischargeability, there has been a grant of exclusive federal jurisdiction, courts must consider whether the granting of such exclusive jurisdiction reflects congressional intent that 28 U.S.C. § 1738 not be controlling in such context. The Marrese Court then cited Brown v. Felsen as having found "congressional intent that state judgments would not have preclusive effect on dischargeability issues in bankruptcy." Id. Any doubt regarding the continuing viability of Brown v. Felsen was removed by the 2003 decision in Archer v. Warner, in which the Court cited and relied upon Brown v. Felsen in ruling that all debts arising out of fraud may be adjudged nondischargeable, "no matter what their form." 538 U.S. at 321. Nothing said in either Brown v. Felsen or Warner v. Archer suggests that the inapplicability of res judicata was based upon the state court determination being a consent judgment rather than an "adversarial determination" as argued by the Defendants. The critical factor, rather, was that the federal proceeding was a

bankruptcy proceeding involving nondischargeability based upon fraud, a matter committed to the exclusive jurisdiction of the bankruptcy court. See also Berr v. Fed. Deposit Ins. Corp. (In re Berr), 172 B.R. 299, 305 n.4 (9th Cir. BAP 1994)("Because nondischargeability of a debt is an entirely separate determination with its own elements under § 523 which require more than the establishment of liability, principles of res judicata do not apply (i.e., no determination of dischargeability was made."); Harris v. Byard (In re Byard), 47 B.R. 700, 702 (Bankr. M.D. Tenn. 1986)(noting that "in Brown v. Felsen the Supreme Court found sufficient congressional intent to deny res judicata effect to state court judgments in dischargeability litigation. This conclusion is acknowledged if not restated by the Supreme Court in Marrese.")(internal citation omitted).

The result in this proceeding is that none of the plaintiff's claims are barred as a result of the plaintiff not having included a fraud claim in the state court proceeding and judgment. Accordingly, the defendants' motion for summary judgment shall be overruled. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 3rd day of December, 2014.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge