UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>C. Wayne McDonald,<br><br>    Debtor. | Case No. 13-10663<br>Jointly Administered<br>in Case No. 13-10661 |
| IN RE:<br><br>Wendy C. McDonald,<br><br>    Debtor. | Case No. 13-10664<br>Jointly Administered<br>in Case No. 13-10661 |
| High Point Bank and Trust Company<br><br>    Plaintiff,<br><br>vs.<br><br>C. Wayne McDonald<br>and Wendy C. McDonald,<br><br>    Defendants. | Adv. Proc. No. 14-02004 |

<u>OPINION AND ORDER</u>

The matter now before the court is the Defendants' motion to stay proceedings ("Motion"). For the reasons that follow, the court has concluded that the Motion should be denied.

In this adversary proceeding, the Plaintiff objects to the Defendants receiving a discharge pursuant to section 727(a)(2), (3), (4) and (5) of the Bankruptcy Code and to the dischargeability of its indebtedness pursuant to section 523(a)(2)(B) of the Bankruptcy Code. The Defendants assert in the Motion that this proceeding should be stayed because "the realizable value of

mortgaged properties likely is sufficient to pay all or virtually all of the debt claimed by the creditors, who are seeking to prevent the discharge of debtors on basis of alleged fraud."

The "debt" referred to in the Motion is indebtedness owed by the Defendants under written guaranties[1] in which they guaranteed the payment of indebtedness due under promissory notes held by the Plaintiff from C. Wayne McDonald Contractor, Inc., a corporation controlled by the Defendants. The amount of this "debt" was established at $935,475.74 plus attorneys' fees of $140,321.36, pursuant to a final judgment[2] that was entered against the Defendants in the Superior Court of Guilford County prior to the commencement of their bankruptcy cases. The "mortgaged properties" referred to in the Motion are properties described in deed of trust from C. Wayne McDonald Contractor, Inc. securing the promissory notes guaranteed by the Defendants.

The Defendants have provided no legal authority that would support staying this discharge and dischargeability proceeding until the property described in the deeds of trust have been sold. To the contrary, the guaranties make it clear that the Plaintiff is not required to resort to any of the collateral before proceeding against the Defendants. The guaranties are guaranties of payment

---

[1] Attachments to Exhibit C to Defendants' motion to compel (Docket #31).

[2] Exhibit A to Plaintiff's response to motion to compel (Docket #33).

under which the Defendants agreed that the Plaintiff could "enforce the Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the indebtedness or against any collateral securing the indebtedness, this Guaranty or any other guaranty of the indebtedness." Moreover, one of the issues litigated in the state court was whether the Plaintiff could seek a money judgment against the Defendants without first proceeding against the collateral. In resolving that issue in favor of the Plaintiff, the state court adjudged that the terms of the promissory note and the guaranties permit the Plaintiff to seek a money judgment without first proceeding against the collateral and that there was no oral or written representation or agreement between the Plaintiff and the Defendants that would require the Plaintiff to proceed first against the collateral.

Even if there were a legal basis for staying this proceeding based on the "realizable value" of the properties being sufficient to satisfy the indebtedness owed by the Defendants, the evidence offered by the Defendants was insufficient to show by a preponderance that the amount likely to be realized from the properties will be sufficient to satisfy the indebtedness. The only evidence from the Defendants regarding the value of the properties was the testimony of the male Defendant. This testimony was based upon vague and incomplete descriptions of the properties

- 3 -

and provided virtually nothing regarding how the Defendant arrived at the values he expressed or exactly what was meant by "realizable" value. This testimony was unconvincing and not sufficient to provide a factual basis for staying this proceeding.

There being no legal or factual basis for granting the relief sought in the Motion, the court concludes that the Motion should be overruled and denied.

IT IS SO ORDERED.

This 4th day of December, 2014.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge